UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————X

CAPITAL TREE PROPERTIES, LLC,

Plaintiff,

-against-

MT. HAWLEY INSURANCE COMPANY,

Defendant.

———————————————————————X

Civ. Action No.1:26-cv-01998 (DG) (MMH)

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT AND ADDITIONAL DEFENSES**

Defendant, MT. HAWLEY INSURANCE COMPANY ("Mt. Hawley"), files this Answer and Additional Defenses to Plaintiff, CAPITAL TREE PROPERTIES, LLC's ("Plaintiff"), First Amended Complaint (ECF Doc. 15, hereinafter "Complaint").

## ANSWER

1. Responding to Paragraph 1 of the Complaint, Mt. Hawley admits that it issued a commercial insurance policy bearing policy number GPK0042050 to Plaintiff, which was effective from January 31, 2025 to January 31, 2026 (the "Policy"), and that the Policy, subject to all terms, conditions, limitations, and exclusions, provides coverage for direct physical loss of or damage to the Covered Property located at 7101 82nd Street, Lubbock, Texas 79424 (collectively, the "Property") caused by or resulting from a Covered Cause of Loss and commencing during the Policy Period. Mt. Hawley further admits that Plaintiff paid the Policy premium. Mt. Hawley further admits that, on June 6, 2025, Plaintiff reported a claim for alleged damage to the Property purportedly sustained during a hailstorm on June 5, 2025 (the "Claim"). Mt. Hawley further admits that it thoroughly investigated the Claim and, based on the findings of its retained loss consultants, identified certain damage to the Property potentially caused by the

reported storm and covered under the Policy. Mt. Hawley further admits that it paid Plaintiff for the Claim in accordance with, and in full satisfaction of, any potential obligations under the Policy. Mt. Hawley denies all remaining allegations in Paragraph 1 and denies that Plaintiff is entitled to any relief whatsoever by way of this lawsuit.

2. Responding to Paragraph 2 of the Complaint, Mt. Hawley admits that Plaintiff seeks the relief requested therein but denies that Plaintiff is entitled to any relief whatsoever by way of this lawsuit.

3. Responding to Paragraph 3 of the Complaint, Mt. Hawley admits that Plaintiff owns the Property. Mt. Hawley admits that Plaintiff is a limited liability company organized under the laws of Texas. Mt. Hawley admits that Plaintiff is a citizen of Texas for diversity purposes. Upon information and belief, Plaintiff's members are all natural persons domiciled in Texas. Plaintiff is therefore a citizen of Texas for the purpose of determining diversity jurisdiction. Mt. Hawley denies all remaining allegations in Paragraph 3 of the Complaint.

4. Responding to Paragraph 5 of the Complaint, Mt. Hawley admits that it is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Illinois. Mt. Hawley is therefore a citizen of Illinois for purposes of diversity jurisdiction. Mt. Hawley further admits that it is an eligible surplus lines carrier in Texas. Mt. Hawley denies that it is incorporated in Texas and denies that its principal place of business is in Texas. Mt. Hawley therefore denies that it is a citizen of Texas for purposes of diversity jurisdiction. Mt. Hawley admits that it has appeared in this action and may be served through its counsel of record. Mt. Hawley denies all remaining allegations in Paragraph 4 of the Complaint.

5. Responding to Paragraph 5 of the Complaint, Mt. Hawley admits that the United States District Court for the Eastern District of New York Court has jurisdiction over this lawsuit

and personal jurisdiction over Mt. Hawley. Mt. Hawley denies all remaining allegations in Paragraph 5 of the Complaint and denies that it is a citizen of New York for purposes of diversity jurisdiction.

6. Responding to Paragraph 6 of the Complaint, Mt. Hawley admits that venue is proper in the United States District Court for the Eastern District of New York pursuant to the Policy's New York forum selection clause, the contents of which are fully incorporated herein. Mt. Hawley denies all remaining allegations in Paragraph 6 of the Complaint.

7. Responding to Paragraph 7 of the Complaint, Mt. Hawley admits that it issued the Policy to Plaintiff and that the Policy, subject to all terms, conditions, limitations, and exclusions, provides coverage for direct physical loss of or damage to the Covered Property located at the Property caused by or resulting from a Covered Cause of Loss and commencing during the Policy Period. Mt. Hawley further admits that Plaintiff paid all required Policy premiums. Mt. Hawley denies all remaining allegations in Paragraph 7 of the Complaint.

8. Responding to Paragraph 8 of the Complaint, Mt. Hawley admits that the Policy was effective from January 31, 2025 to January 31, 2026. Mt. Hawley denies all remaining allegations in Paragraph 8 of the Complaint.

9. Responding to Paragraph 9 of the Complaint, Mt. Hawley admits that it issued the Policy to Plaintiff and that the Policy, subject to all terms, conditions, limitations, and exclusions, the contents of which are fully incorporated herein, provides coverage for direct physical loss of or damage to the Covered Property located at the Property caused by or resulting from a Covered Cause of Loss and commencing during the Policy Period. Mt. Hawley further admits that Plaintiff paid all required Policy premiums. Mt. Hawley denies all remaining

allegations in Paragraph 9 of the Complaint and specifically denies that Plaintiff is entitled to any further payment under the Policy or any relief whatsoever by way of this dispute.

10. Responding to Paragraph 10 of the Complaint, Mt. Hawley admits that the Policy, subject to all terms, conditions, limitations, and exclusions, the contents of which are fully incorporated herein, provides coverage for direct physical loss of or damage to the Covered Property located at the Property caused by or resulting from a Covered Cause of Loss and commencing during the Policy Period. Mt. Hawley denies all remaining allegations in Paragraph 10 of the Complaint.

11. Responding to Paragraph 11 of the Complaint, Mt. Hawley admits that the Policy, subject to all terms, conditions, limitations, and exclusions, the contents of which are fully incorporated herein, provides coverage for direct physical loss of or damage to the Covered Property located at the Property caused by or resulting from a Covered Cause of Loss and commencing during the Policy Period. Mt. Hawley denies all remaining allegations in Paragraph 11 of the Complaint.

12. Responding to Paragraph 12 of the Complaint, Mt. Hawley admits that it issued the Policy to Plaintiff and that the Policy, subject to all terms, conditions, limitations, and exclusions, the contents of which are fully incorporated herein, provides coverage for direct physical loss of or damage to the Covered Property located at the Property caused by or resulting from a Covered Cause of Loss and commencing during the Policy Period. Mt. Hawley further admits that it solicited a cursory inspection of the Property before the alleged storm that is the subject of the Claim but denies that the inspection was performed by damage experts and denies that it "confirmed there was no pre-existing damage" to the Property. (*See* Policy, COMMON

POLICY CONDITIONS, D. Inspections and Surveys). Mt. Hawley denies all remaining allegations in Paragraph 12 of the Complaint.

13. Responding to Paragraph 13 of the Complaint, Mt. Hawley admits that certain damage to the Property identified during Mt. Hawley's investigation of the Claim was potentially caused by a storm during the Policy Period. Mt. Hawley further admits that it paid Plaintiff in accordance with, and in full satisfaction of, Mt. Hawley's potential obligations under the Policy. Mt. Hawley denies all remaining allegations in Paragraph 13 of the Complaint and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions and limitations, the contents of which are fully incorporated herein.

14. Responding to Paragraph 14 of the Complaint, Mt. Hawley admits that certain damage to the Property identified during Mt. Hawley's investigation of the Claim was potentially caused by a storm during the Policy Period. Mt. Hawley further admits that it paid Plaintiff in accordance with, and in full satisfaction of, Mt. Hawley's potential obligations under the Policy. Mt. Hawley denies that the Property sustained any "wind-driven damage" or "storm-created openings that allowed water to enter the interior of the Property." Mt. Hawley denies all remaining allegations in Paragraph 14 of the Complaint and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions and limitations, the contents of which are fully incorporated herein.

15. Responding to Paragraph 15 of the Complaint, Mt. Hawley admits that the Claim was reported on June 6, 2025. Mt. Hawley denies all remaining allegations in Paragraph 15 of the Complaint.

16. Mt. Hawley admits the allegations in Paragraph 16 of the Complaint.

17. Responding to Paragraph 17 of the Complaint, Mt. Hawley admits that it retained building consulting firm Cornerstone Consulting Group ("Cornerstone"), professional engineering firm Forensic Engineering Company ("FEC"), and HVAC consulting firm HVACi to assist with Mt. Hawley's investigation of the Claim. Mt. Hawley denies all remaining allegations in Paragraph 17 of the Complaint.

18. Responding to Paragraph 18 of the Complaint, Mt. Hawley admits that Cornerstone, FEC, and HVACi thoroughly inspected the Property and generated comprehensive reports of their findings. Mt. Hawley denies all remaining allegations in Paragraph 18 of the Complaint.

19. Responding to Paragraph 19 of the Complaint, Mt. Hawley admits that it sent a letter to Plaintiff on July 18, 2025, explaining, in relevant party, that based on the findings of Mt. Hawley's loss consultants, the Property sustained certain damage consistent with hail that was potentially covered under the Policy. Mt. Hawley denies all remaining allegations in Paragraph 19 of the Complaint and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions and limitations, the contents of which are fully incorporated herein.

20. Mt. Hawley denies the allegations in Paragraph 20 of the Complaint.

21. Mt. Hawley denies the allegations in Paragraph 21 of the Complaint.

22. Responding to Paragraph 22 of the Complaint, Mt. Hawley admits that Plaintiff disagrees with Mt. Hawley's coverage decision regarding the Claim but denies that Plaintiff is entitled to any additional payment under the Policy or any relief whatsoever by way of this lawsuit. Mt. Hawley denies all remaining allegations in Paragraph 22 of the Complaint and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions and limitations, the contents of which are fully incorporated herein.

23. Mt. Hawley denies the allegations in Paragraph 23 of the Complaint.

24. Mt. Hawley denies the allegations in Paragraph 24 of the Complaint.

25. Mt. Hawley denies the allegations in Paragraph 25 of the Complaint.

26. Mt. Hawley denies the allegations in Paragraph 26 of the Complaint.

27. Mt. Hawley denies the allegations in Paragraph 27 of the Complaint.

28. Mt. Hawley denies the allegations in Paragraph 28 of the Complaint.

29. Mt. Hawley denies the allegations in Paragraph 29 of the Complaint.

30. Mt. Hawley denies the allegations in Paragraph 30 of the Complaint.

31. Mt. Hawley denies the allegations in Paragraph 31 of the Complaint.

32. Mt. Hawley denies the allegations in Paragraph 32 of the Complaint.

33. Mt. Hawley denies the allegations in Paragraph 33 of the Complaint.

34. Responding to Paragraph 34 of the Complaint, Mt. Hawley incorporates and restates its Responses to Paragraphs 1-33 stated above with the same force and effect as if each were fully set forth at length herein.

35. Responding to Paragraph 35 of the Complaint, Mt. Hawley admits that New York law governs this dispute in its entirety and denies that Texas law applies to any part of this dispute. Mt. Hawley denies all remaining allegations in Paragraph 35 of the Complaint.

36. Mt. Hawley denies the allegations in Paragraph 36 of the Complaint.

37. Responding to Paragraph 37 of the Complaint, Mt. Hawley incorporates and restates its responses to Paragraphs 1 through 36 stated above with the same force and effect as if each were fully set forth at length herein.

38. Responding to Paragraph 38 of the Complaint, Mt. Hawley admits that it issued the Policy to Plaintiff and that the Policy, subject to all terms, conditions, limitations, and

exclusions, the contents of which are incorporated herein, provides coverage for direct physical loss of or damage to the Covered Property located at the Property caused by or resulting from a Covered Cause of Loss and commencing during the Policy Period. Mt. Hawley denies all remaining allegations in Paragraph 38 of the Complaint.

39. Mt. Hawley denies the allegations in Paragraph 39 of the Complaint.

40. Mt. Hawley denies the allegations in Paragraph 40 of the Complaint.

41. Mt. Hawley denies the allegations in Paragraph 41 of the Complaint.

42. Responding to Paragraph 42 of the Complaint, Mt. Hawley incorporates and restates its responses to Paragraphs 1 through 41 stated above with the same force and effect as if each were fully set forth at length herein.

43. Mt. Hawley denies the allegations in Paragraph 43 of the Complaint.

44. Mt. Hawley denies the allegations in Paragraph 44 of the Complaint.

45. Mt. Hawley denies the allegations in Paragraph 45 of the Complaint.

46. Mt. Hawley denies the allegations in Paragraph 46 of the Complaint, including but not limited to the allegations in subparagraphs a. through l.

47. Mt. Hawley denies the allegations in Paragraph 47 of the Complaint.

48. Mt. Hawley denies the allegations in Paragraph 48 of the Complaint.

49. Mt. Hawley denies the allegations in Paragraph 49 of the Complaint.

50. Mt. Hawley denies the allegations in Paragraph 50 of the Complaint.

51. Mt. Hawley denies the allegations in Paragraph 51 of the Complaint.

52. Mt. Hawley denies the allegations in Paragraph 52 of the Complaint.

53. Mt. Hawley denies the allegations in Paragraph 53 of the Complaint.

54. Mt. Hawley denies the allegations in Paragraph 54 of the Complaint.

55. Mt. Hawley denies the allegations in Paragraph 55 of the Complaint.

56. Mt. Hawley denies the allegations in Paragraph 56 of the Complaint.

57. Mt. Hawley denies the allegations in Paragraph 57 of the Complaint.

58. Mt. Hawley denies the allegations in Paragraph 58 of the Complaint.

59. Mt. Hawley denies the allegations in Paragraph 59 of the Complaint.

60. Mt. Hawley denies the allegations in Paragraph 60 of the Complaint.

61. Mt. Hawley denies the allegations in Paragraph 61 of the Complaint.

62. Mt. Hawley denies the allegations in Paragraph 62 of the Complaint.

63. Mt. Hawley denies the allegations in Paragraph 63 of the Complaint.

64. Mt. Hawley denies the allegations in Paragraph 64 of the Complaint.

65. Mt. Hawley denies the allegations in Paragraph 65 of the Complaint.

66. Mt. Hawley denies the allegations in Paragraph 66 of the Complaint.

67. Mt. Hawley denies the allegations in Paragraph 67 of the Complaint.

68. Responding to Paragraph 68 of the Complaint, Mt. Hawley admits that Plaintiff has demanded a trial by jury. Mt. Hawley denies that Plaintiff is entitled to any further payment under the Policy or any relief whatsoever by way of this lawsuit. Mt. Hawley denies all remaining allegations in Paragraph 68 of the Complaint.

69. Mt. Hawley denies the allegations in the "WHEREFORE" Paragraph in the section of the Complaint entitled "PRAYER."

## ADDITIONAL DEFENSES

Without assuming any burden of proof that properly sits with another party, Mt. Hawley asserts the following additional defenses:

***First Defense***

The Policy contains the following provision:

**SERVICE OF SUIT AND COMMERCIAL PROPERTY CONDITIONS ENDORSEMENT**

This Policy is amended to add the following additional **Commercial Property Conditions**:

**AA.** **Jurisdiction and Venue**. In the event of any litigation involving any matter arising out of or relating to this Policy, it is agreed that any Named Insured, any additional insured, any purported insured, or any beneficiary or purported beneficiary of this Policy shall submit to the jurisdiction of the New York state and New York federal courts, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation arising out of or relating to this Policy shall be brought only in the state or federal courts of New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

**BB.** **Choice of Law**. All matters arising out of or relating to this Policy **shall be determined in accordance with the law and practice of the State of New York** (notwithstanding New York's conflicts of law rules). All matters include, without limitation, the procurement, formation, issuance, validity, interpretation, and enforcement of this Policy, as well as claim handling and any other performance in connection with this Policy.

. . . .

(Emphasis added). New York law applies to this dispute.

***Second Defense***

Plaintiff's claims herein are subject to all coverage limits, all applicable sub-limits, and all deductibles set forth in the Policy, policy number GPK0042050, issued to the Plaintiff.

***Third Defense***

The Policy only covers loss or damage commencing during the Policy Period. *See* Policy, **COMMERCIAL PROPERTY CONDITIONS**, **H. Policy Period, Coverage Territory, 1.a**. Mt. Hawley's claim investigation revealed long-term, pre-existing damage to the Property for which there is no coverage under the Policy.

***Fourth Defense***

The Policy excludes loss or damage caused by or resulting from, among other things, wear and tear, decay, deterioration, settling and cracking, or shrinking/expansion. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM**, **B. Exclusions, para. 2.d.(1)-(4), (7)**. Mt. Hawley's claim investigation revealed that a certain portion of claimed damage to the Property was caused by one or more of these excluded causes. There is no coverage for such damage under the Policy.

***Fifth Defense***

The Policy excludes loss or damage caused by or resulting from faulty, inadequate, or defective design, construction, repairs, maintenance, or materials used in repair. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM**, **B. Exclusions, para. 3.c.(1)-(4)**. Mt. Hawley's claim investigation revealed that a certain portion of claimed damage to the Property was caused by one or more of these excluded causes. There is no coverage for such damage under the Policy.

***Sixth Defense***

The Policy does not cover continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM**, **B.2.f**. Mt. Hawley's claim investigation revealed that a certain portion of claimed damage to the Property was caused by one or more of these excluded causes. There is no coverage for such damage under the Policy.

***Seventh Defense***

The Policy excludes any loss caused by Plaintiff's neglect to use all reasonable means to save and preserve Covered Property from further damage at and after the time of loss. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B. Exclusions,** para. **2.m.**

***Eighth Defense***

The Policy does not provide coverage for damage to the interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless the building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters. However, the Policy does not cover any loss or damage caused in whole or in part, directly or indirectly, resulting from, contributed to or made worse by, or in connection with wear and tear, corrosion, deterioration, settling, cracking, shrinking or expansion, or faulty, inadequate, or defective design, workmanship, repairs, materials or maintenance, regardless of any other cause or event that contributes concurrently or in any sequence to the loss. *See* Policy, **AMENDED LIMITATIONS Endorsement**. Mt. Hawley's claim investigation determined that certain interior damage to the Property was the result of historical and ongoing rainwater intrusion through mechanical penetrations and resulting from inadequate installation and repairs, maintenance, wear and tear, and deterioration. As such, there is no coverage under the Policy for such interior water damage.

***Ninth Defense***

The Policy does not cover cosmetic damage to metal roof materials caused by wind and/or hail. *See* Policy, **EXCLUSION OF COSMETIC DAMAGE TO METAL ROOFS.** Mt. Hawley's claim investigation revealed certain cosmetic damage to the Property's roofs for which there is no coverage under the Policy.

***Tenth Defense***

The Policy requires that the insured take all reasonable steps to protect the Covered Property from further damage. *See* Policy, **BUILDING AND PERSONAL PROPERTY**

**COVERAGE FORM**, **E. Loss Conditions**, para. **3.a.(4)**. Plaintiff has not repaired or replaced certain claimed lost or damaged portions of the Property since the storm at issue, and there is no coverage for any damage resulting from the Plaintiff's failure to take all reasonable steps to protect against further damage.

***Eleventh Defense***

The Policy requires as a condition to coverage that the insured, as often as reasonably required, permit Mt. Hawley to examine its purportedly damaged property as well as its books and records. *Id.* at **a.(6)**. The Policy also requires as a condition to coverage that the insured send Mt. Hawley a signed, sworn proof of loss containing the information Mt. Hawley requests to investigate the claim within 60 days after Mt. Hawley's request. *Id.* at **a.(7)**. The Policy also requires as a condition to coverage that the insured cooperate with Mt. Hawley's investigation or settlement of the Claim. *Id.* at **a.(8)**. The insured violated these conditions to coverage by ignoring Mt. Hawley's repeated requests to provide copies of lease agreements for the Property and by failing to submit a signed, sworn proof of loss within 60 days of Mt. Hawley's request.

***Twelfth Defense***

The Policy does not provide replacement cost coverage unless and until lost or damaged property is actually repaired or replaced, and unless such repairs or replacements are made as soon as reasonably possible after the loss or damage. *See* Policy, **REPLACEMENT COST ENDORSEMENT**. Plaintiff did not repair or replace certain allegedly damaged property as soon as reasonably possible after the reported loss ore damage, and still has not repaired or replaced certain lost or damaged property, so it is not entitled to replacement costs for those damages. Furthermore, Plaintiff cannot recover replacement costs because it did not notify Mt. Hawley of its intent to recover replacement costs within 180 days after the alleged loss or

damage occurred. *Id.* Furthermore, the cost of repair or replacement does not include the increased costs attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property, none of which are covered under the Policy. *Id.*; **CAUSES OF LOSS – SPECIAL FORM, B.1.a**.

***Thirteenth Defense***

Replacement cost coverage does not apply to "roof surfacing," which is valued at actual cash value, for any building with roof surfacing 10 years or older at the time of loss. *See* Policy, **ROOF SURFACING VALUATION ENDORSEMENT**. Roof maintenance, repair, or the application of a roof coating over existing "roof surfacing" does not constitute new "roof surfacing" or roof replacement. *Id.* Furthermore, for "roof surfacing" 10 years old or older at the time of loss or damage, the Policy only covers the portions of "roof surfacing" that sustain direct physical loss or damage by a covered cause of loss. *Id.* Furthermore, for "roof surfacing" 10 years old or older at the time of loss or damage, metal "roofing surfacing" is subject to applicable minimum depreciation of 1.33% per year. *Id.* Plaintiff has the burden to prove that the roof surfacing is less than 10 years old at the time of the alleged loss or damage. *Id.*

***Fourteenth Defense***

The Policy contains the following endorsement:

**APPRAISAL**

This endorsement replaces the Appraisal Condition in the coverage form.

Appraisal

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree on an umpire, either may request that selection be made by a judge of a federal court having jurisdiction. The appraisers will state separately the amount of loss, including an itemized determination of (1) the

> actual cash value for each damaged item included in the claim, and (2) the replacement cost value, if applicable under the policy, for each damaged item included in the claim. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding, and the decision must be itemized as specified in (1) and (2) above. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.
>
> Under no circumstance is appraisal allowed under this policy to determine causation or the existence or non-existence of coverage. Appraisal is also not allowed where coverage for the claimed loss has been denied in its entirety. You cannot invoke appraisal after suit has been filed.

During the claim investigation, Plaintiff improperly attempted to demand appraisal even though the Parties' dispute was essentially and principally one of causation and coverage, for which appraisal is not appropriate under the Policy's Appraisal provision or under New York law. Furthermore, appraisal is not appropriate until after the coverage dispute is litigated.

***Fifteenth Defense***

The Policy gives Mt. Hawley the right to solicit inspections of the Property, and it is expressly stated in the Policy that by conducting such inspections, Mt. Hawley does not warrant that the Property is free from pre-existing conditions that may impact coverage in the event of a loss. (*See* Policy, COMMON POLICY CONDITIONS, D. Inspections and Surveys). The Policy further provides: "It is agreed that neither such property inspection nor any such property inspection report can be used by any insured for any reason after a loss." (*Id.*).

***Sixteenth Defense***

All coverage position letters issued by Mt. Hawley to Plaintiff, including but not limited to the June 20, 2025, July 18, 2025, and September 4, 2025 letters, were valid, reasonable, and proper and are incorporated herein by reference.

***Seventeenth Defense***

Plaintiff's Complaint, in whole or in part, fails to allege facts or set forth a cause of action upon which relief could be granted.

***Eighteenth Defense***

Plaintiff's action is barred based on one or more of the equitable doctrines of waiver, estoppel, laches, unclean hands and/or accord and satisfaction.

***Nineteenth Defense***

Mt. Hawley's liability, if any (and which is denied), is derived solely from the Policy, which is limited by its terms, conditions, limitations, deductibles, endorsements, and exclusions, all of which are pled herein as if copied in full at this place in this Answer.

***Twentieth Defense***

The claims asserted in the Complaint are barred in whole or in part by the terms, exclusions, conditions and limitations contained in the Policy.

***Twenty-First Defense***

Plaintiff failed to satisfy conditions precedent and to meet its other obligations necessary to establish and support a valid claim under the Policy.

***Twenty-Second Defense***

To the extent the Policy is triggered or Mt. Hawley is obligated to provide insurance coverage (which is denied), any coverage that may be owed is excess coverage over any underlying insurance, any deductible, and any other insurance, whether collectible or not, whether primary, excess, contingent or self-insurance trust, or on any other basis.

***Twenty-Third Defense***

The rights and obligations of Plaintiff and Mt. Hawley are defined and controlled by the limits of liability, terms, exclusions, limitations, conditions and other provisions of the Policy. The terms, exclusions, limitations, conditions and other provisions of the Policy cannot all be itemized as affirmative defenses, and are therefore incorporated by reference herein.

***Twenty-Fourth Defense***

Mt. Hawley has at all times acted in good faith and on a reasonable basis, and is continuing to act in good faith.

***Twenty-Fifth Defense***

There is no coverage in the Policy and/or as a matter of law for Plaintiff's claimed demand for attorney fees and costs.

***Twenty-Sixth Defense***

There is no coverage in the Policy and/or as a matter of law for Plaintiff's claimed demand for consequential damages.

***Twenty-Seventh Defense***

Mt. Hawley reserves the right to amend its Answer to the Complaint and to interpose such other defenses and objections that are not presently known, but may become known in the future as continuing investigation and discovery may disclose.

**WHEREFORE**, Defendant, MT. HAWLEY INSURANCE COMPANY, demands judgment dismissing the Complaint and prays that Plaintiff take nothing by way of its Complaint, together with such other and further relief deemed just and proper to which Mt. Hawley is entitled.

Dated: June 9, 2026

Respectfully submitted,

*/s/ Greg K. Winslett*

Greg K. Winslett, admitted *pro hac vice*
Richard L. Smith, III, admitted *pro hac vice*
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2200 Ross Avenue, Suite 2400
Dallas, Texas 75201
gwinslett@qslwm.com
rlsmith@qslwm.com

and

Eric R. Leibowitz, Esq. (EL – 5488)
**FLEISCHNER POTASH LLP**
MT. HAWLEY INSURANCE COMPANY
45 Broadway, 23rd Floor
New York, NY 10006
Office: (646) 520-4200
eleibowitz@fp.law

**ATTORNEYS FOR DEFENDANT**